UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| FIRST TECHNOLOGY CAPITAL, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 5:16-CV-138-REW |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| BANCTEC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

FTC moves for leave to file a surreply to BancTec's reply in support of its motion for summary judgment. DE ##92 (Motion), 93 (Memorandum), 93-1 (Proposed surreply). BancTec does not oppose FTC filing a surreply "so long as" the Court also permits a "response" to the surreply, or, "for lack of a more elegant term,"[1] a sur-surreply. DE #95 (Response), 95-1 (Proposed sur-surreply). FTC replied, opposing BancTec filing a sur-surreply. DE #97. The issues, as convoluted as the parties made them, are ripe for consideration.

"Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially 'when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). "[M]any courts have noted" that surreplies "are highly

---

[1] *Rednour v. Wayne Tp.*, 51 F. Supp. 3d 799, 810 (S.D. Ind. 2014).

1

disfavored." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012). The Sixth Circuit reviews a district court's decision whether to grant leave to file a surreply "under the deferential abuse-of-discretion standard." *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 549 (6th Cir. 2014). A district court abuses its discretion, for example, when it denies permission to file a surreply after a party presents "new arguments and new evidence in [its] reply brief." *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010). Overall, though, "[w]hether to permit a party to file a surreply is a matter left to the trial court's discretion." *Rose v. Liberty Life Ins. Co. of Boston*, No. 3:15-CV-28-DJH-CHL, 2015 WL 10002923, at *1 (W.D. Ky. Oct. 19, 2015); *see also First Tech. Capital, Inc. v. BancTec, Inc.*, No. 5:16-CV-138-REW, 2016 WL 7444943, at *1-*2 (E.D. Ky. Dec. 27, 2016) (previously, in this case, granting FTC leave to file a surreply and setting out the standard).

The Court has, in the context of the motion, fully assessed the underlying briefing—DE ##72, 80, and 90—as well as the briefing on the requests for leave to file a surreply and sur-surreply—DE ##92, 93, 95, and 97. The Court, in an exercise of its discretion, finds FTC's proposed surreply appropriate and BancTec's proposed sur-surreply inappropriate.[2] The questions are properly distinct, and the Court bifurcates the analysis:

*First*—Has FTC justified filing a surreply? Yes.

---

[2] The Court also agrees with FTC that BancTec's approach to the issue—seeking to file an additional brief by simply attaching it to a response, instead of filing a separate motion for leave—was procedurally improper. *See* DE #97, at 2. The Court, attempting to efficiently evaluate BancTec's contentions on the merits, will effectively construe DE #95 as containing a motion for leave to file a sur-surreply.

The Sixth Circuit's focus is whether "new submissions and/or arguments are included in a reply brief." *Key*, 551 F. App'x at 265; *Ashton*, 387 F. App'x at 583. Here, as FTC persuasively lays out and BancTec does not in any way dispute, BancTec "offer[ed] a completely new argument" in DE #90 that it had not made in DE #72—"that even if it *did* breach Schedule 8 by failing to pay a month of rent, FTC 'treated the contract as continuing' and cannot withhold performance of its end of what BancTec sees as the Schedule 8 bargain . . . or alternatively, that even if there were a breach *and* 'FTC did not treat the contract as continuing, the alleged breach was not material.'" DE #93, at 2 (emphases in original). These arguments are indeed new to the reply. *Compare* DE #72-1 (not making these arguments), *with* DE #90 (making them). The Court also finds FTC's proposed surreply to, indeed, be "confined completely to the new theory offered by BancTec in reply[.]" DE #93, at 3.

Additionally, FTC filed the motion for leave to file a surreply essentially immediately (1 day) after BancTec's reply, greatly diminishing any timing or gamesmanship concerns that may negatively tinge surreply motions. *See Key*, 551 F. App'x at 265 ("[c]onsidering the amount of time that passed between Shelby County's filing of its reply brief and Key's filing of her motion for leave to file a sur-reply" and concluding the district court did not abuse its discretion in denying Key permission to file a surreply given an "unexplained delay of six months in moving for leave to file" it). Overall, under the Sixth Circuit's standard, and in light of BancTec's complete lack of opposition, the Court finds permitting an FTC surreply, in these circumstances, appropriate. FTC should fairly have an opportunity to address the new arguments or theories BancTec injected into the reply.

*Second*—Has BancTec justified filing a sur-surreply? No.

BancTec does not attempt, in any way, to meet the legal standard for filing a sur-surreply. Rather, it simply asserts, citing no authority, that "[b]ecause [it] must carry the burden of proof for its motion for summary judgment . . . [it] should be permitted to have the final word." DE #95, at 1.

That is not the law. Indeed, the argument runs counter to the fundamental principles behind surreply authorization. Of course, in an ordinary briefing cycle, a movant *does* have the final word. *See* LR 7.1(c) (permitting replies). However, when the movant improperly (as BancTec did here) uses its reply to introduce new arguments not contained in the underlying motion, the movant opens the door to the Court authorizing the nonmovant to file a surreply to address and conclude briefing on the novel reply theories. *See, e.g.*, *Key*, 551 F. App'x at 265. BancTec's argument logically dictates that *every* surreply authorization *automatically*, if implicitly, sanctions a sur-surreply, which, of course, is not correct (and BancTec cites utterly no authority for the proposition). *See, e.g.*, *Novartis Corp. v. Webvention Holdings, LLC*, No. CCB-11-3620, 2016 WL 3162767, at *2 n.3 (D. Md. June 7, 2016) (considering a sur-surreply only because "Novartis could not have addressed [new] surreply arguments"); *PacTool Int'l, Ltd. v. Kett Tool Co., Inc.*, No. C06-5367BHS, 2011 WL 2194010, at *1 (W.D. Wash. June 6, 2011) (denying leave to file a sur-surreply); *Hill v. Ford Motor Co.*, No. 1:11-cv-799-JEC, 2014 WL 916486, at *9 (N.D. Ga. Mar. 10, 2014) (same); *Duchardt v. Midland Nat'l Life Ins. Co.*, 265 F.R.D. 436, 439 (S.D. Iowa 2009) (noting the Court's "discretion" to "consider" a sur-surreply). The Court does not permit surreplies, and certainly not sur-surreplies, as a matter of course.

Further, even evaluating BancTec's request under the standard surreply authorization rubric, BancTec does not claim (much less establish) that FTC's surreply raises any novel arguments or theories. The Court has reviewed the proposed sur-surreply and finds that it does not address any new arguments that FTC improperly inserted in its surreply. Indeed, FTC properly restrained the scope of its surreply to the new issues BancTec improperly included in reply. The proposed sur-surreply merely responds to the surreply arguments (none of which is *new*), an insufficient basis to permit yet another brief. Enough, says the Court.

For these reasons, the Court **GRANTS** DE #92, **ORDERS** the Clerk to file DE #93-1 in the record as a surreply to DE #90, and **DENIES** BancTec permission to file a sur-surreply.

This the 26th day of June, 2017.

Signed By:
Robert E. Wier
United States Magistrate Judge